Zeng v. Holder

BIA
A095 710 344

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SHUI XIAN ZENG,
> *Petitioner,*

> v.                                          11-4733
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Stephen M. Elliott, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shui Xian Zeng, a native and citizen of the People's Republic of China, seeks review of an October 18, 2011, decision of the BIA denying her motion to reopen. *In re Shui Xian Zeng*, No. A095 710 344 (B.I.A. Oct. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Zeng's July 2011 motion to reopen was untimely, because the BIA issued its final order of removal in 2008. However, the time and number limitations for filing a motion to reopen do not apply if the motion is

2

"based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

In this case, the agency did not abuse its discretion in denying Zeng's motion to reopen as untimely.  The background materials do not demonstrate a change in country conditions material to Zeng's claim.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  Although Zeng provided reports and articles describing the harassment of Christians in China, nothing in those materials compels the conclusion that the treatment of Christians in China has worsened since Zeng's November 2006 hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (holding that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"); *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007) (stating that this Court treats the agency's factual findings as "'conclusive

3

unless any reasonable adjudicator would be compelled to conclude to the contrary'") (quoting 8 U.S.C. § 1252(b)(4)(B)).

Zeng argues that the BIA erred in failing to consider the letter from her cousin, describing harassment and mistreatment she experienced and witnessed in 2010. This claim fails, however, because nothing in the record suggests that the BIA did not consider all of Zeng's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n.17 (2d Cir. 2006) (noting that this Court will "presume" that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *Jian Hui Shao,* 546 F.3d at 169 (noting that the agency has no obligation to "expressly parse or refute on the record each ... piece of evidence") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4